IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY TAGGART,

        Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO SHERIFF'S
DEPARTMENT and DEPARTMENT OF
PUBLIC HEALTH-JAIL SERVICES,

        Defendants.

No. C-13-03439 TEH (PR)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

      Plaintiff Anthony Taggart, an inmate at the San Francisco County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

I

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police

Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

## II

### A

In the instant Complaint, Plaintiff alleges the following: On February 19, 2013, Plaintiff informed several medical staff and sheriff's deputies that he was having severe stomach pains. The

2

staff disregarded Plaintiff's complaints of pain, which "lead to this issue becoming worse which I ended up in SFGH in surgery." Comp. at 3. Based on these allegations, Plaintiff seeks "financial compensation."

B

Plaintiff may be able to state a claim for deliberate indifference to his serious medical needs. However, the sparse allegations in his complaint are insufficient to do so.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Id. at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60.

A prison official is deliberately indifferent if he or she

3

knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." <u>Id.</u> If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1188 (9th Cir. 2002).

C

Plaintiff's allegations that he had severe stomach pains may qualify as serious medical need. However, in order for the Court to evaluate it, he must specify what this condition is. Furthermore, although he states that he told "staff" about his pain and "staff" disregarded him, he does not specify the individuals he told about his pain and the individuals who disregarded him. As discussed above, a person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. <u>Leer</u>, 844 F.2d at 633. To state a claim for deliberate indifference to his serious medical need, Plaintiff must specify which individuals he told about his pain, what each individual did in response and how each individual's actions were deliberately indifferent to his medical need. Plaintiff is given leave to amend his complaint to name such individuals.

4

The public entities Plaintiff names as Defendants may be liable, but only under specific conditions. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

The sheriffs department of a county is a public entity under California law and therefore may be sued in federal court. Shaw v. Cal. Dep't of Alcoholic Beverage Control, 788 F.2d 600, 604-05 & n.1 (9th Cir. 1986); see also Brewster v. Shasta County, 275 F.3d 803, 812 (9th Cir. 2001) (California county sheriff's department acts for county rather than state when investigating crime, thus county may be subject to § 1983 liability). As with claims against municipalities, however, a plaintiff must allege that the violation of his rights was pursuant to a custom or policy of the department, or allege facts from which such a custom or policy

5

1  can be inferred.  <u>Shaw</u>, 788 F.2d at 610-11.

2  Plaintiff's complaint fails to state a claim against any
3  of the public entities he names because he does not allege that the
4  violation of his rights was pursuant to a custom or policy of that
5  entity, or allege facts from which such a custom of policy can be
6  inferred.  Plaintiff is granted leave to amend his complaint to add
7  allegations to remedy this deficiency, if he truthfully can do so.

8  III

9  For the foregoing reasons, the Court hereby orders as
10 follows:

11 1. Plaintiff's Complaint is DISMISSED WITH LEAVE TO FILE A
12 FIRST AMENDED COMPLAINT to remedy the deficiencies noted above, if
13 he truthfully can do so.  The pleading must state clearly and
14 succinctly how each and every Defendant is alleged to have violated
15 Plaintiff's federally-protected right.  <u>See</u> <u>Leer</u>, 844 F.2d at 634.
16 Plaintiff should list the constitutional right he has, describe what
17 each Defendant did or failed to do, and describe how each
18 Defendant's acts or omissions caused him injury.  Plaintiff must be
19 careful to allege facts showing the basis for liability for each
20 individual defendant.  The First Amended Complaint must include the
21 caption and civil case number used in this order C 13-3439 TEH (PR))
22 and the words COURT ORDERED FIRST AMENDED COMPLAINT on the first
23 page.  Failure to file a proper First Amended Complaint within
24 <u>thirty days</u> of this order will result in the dismissal of this
25 action without prejudice.

26 2. Plaintiff is advised that the First Amended Complaint
27 will supersede the original Complaint and all other pleadings.

28

6

Claims and defendants not included in the First Amended Complaint will not be considered by the Court.  See <u>Lacey v. Maricopa County</u>, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal.  But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

    3. It is Plaintiff's responsibility to prosecute this action.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    4. The Clerk shall mail to Plaintiff a civil rights complaint form.

    IT IS SO ORDERED.

DATED  *08/27/2013*  

THELTON E. HENDERSON  
United States District Judge

G:\PRO-SE\TEH\CR.13\Taggart v. CCSF 13-3439 DWLA.wpd

7