IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TAGGART,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants. | No. C-13-03439 TEH (PR)<br><br>ORDER SERVING COGNIZABLE CLAIM AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR DISCOVERY<br><br>Doc. Nos. 12, 13 |

      Plaintiff Anthony Taggart, an inmate at the San Francisco County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983.  On August 28, 2013, the Court issued an Order Dismissing the Complaint with Leave to Amend.  On September 18, 2013, Plaintiff filed a First Amended Complaint (FAC) and motions for appointment of counsel and for discovery.  Doc. ## 11 -13.  For the reasons stated below, the Court serves Plaintiff's cognizable claim and denies his motions to appoint counsel and for discovery.

I

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pleadings filed by pro se

litigants, however, must be liberally construed. <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. <u>Leer</u>, 844 F.2d at 633.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, <u>see</u> <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, <u>see</u> <u>Board of Cty. Comm'rs. of Bryan Cty. v. Brown</u>, 520 U.S. 397, 403 (1997); <u>Monell</u>, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the

2

plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

## II

### A

In its Order Dismissing the Complaint with Leave to Amend, the Court noted that Plaintiff was attempting to allege an Eighth Amendment claim for deliberate indifference to his serious medical needs, but the allegations were deficient because Plaintiff failed to: (1) indicate the nature of his serious medical; (2) link a specific individual with the alleged constitutional violation; and (3) allege that the public entities he named as Defendants violated his rights pursuant to a custom or policy of that entity or allege facts from which such a custom or policy could be inferred.

In his FAC, Plaintiff adds three Defendants: San Francisco Mayor Edwin M. Lee, Health Right 360, and Dr. Goldstein, Chief Medical Doctor of San Francisco County Jail. Plaintiff states that he has attempted to get the names of the individual sheriff's deputies and medical staff who were on duty when the events at issued occurred, but to no avail. For this reason he has filed a discovery motion requesting "logg" and time cards.

Plaintiff adds the allegations that he had gallstones, which became infected and severe because sheriff's deputies and nurses at the San Francisco County Jail refused to refer him to a

3

1 doctor and delayed providing him with medical treatment.  Plaintiff
2 alleges that he was crying and screaming in pain and deputies and
3 nurses forced him to walk or crawl, which infected his body.  He
4 alleges that his medical records at San Francisco General Hospital,
5 where he was finally taken by ambulance, will show that, because of
6 the delay in treatment, Plaintiff almost died.
7   Plaintiff adds that the Sheriff's Department failed to
8 train its deputies and medical staff to recognize serious medical
9 emergencies, which allowed them to ignore Plaintiff's medical
10 emergency until he almost died.  He also alleges that Mayor Lee and
11 the County Department of Public Health are "responsible for the
12 constitutional violations of jail medical staff."

B

14   The Court finds that Plaintiff's allegations that he was
15 suffering from gall stones states a serious medical need.
16   The Court finds that Plaintiff's allegations that the
17 Sheriff's Department failed to adequately train its deputies to
18 recognize medical emergencies and to obtain treatment for prisoners
19 who are suffering from such emergencies state a cognizable Eighth
20 Amendment claim.  The Court finds that Plaintiff's allegations,
21 liberally construed, also state a claim against Dr. Goldstein for
22 failure to adequately train the County Jail medical staff in
23 recognizing and obtaining treatment for prisoners experiencing
24 medical emergencies.
25   However, Plaintiff's conclusory allegations that Mayor Lee
26 and the County Department of Public Health are responsible for the
27 conduct that caused deliberate indifference fail to state a claim

4

1 against them and the claims against them are dismissed. Also,
2 Plaintiff makes no allegations against the City and County of San
3 Francisco or Health Right 360 and, thus, the claims against them are
4 dismissed.

## III

### A

Plaintiff moves for the appointment of counsel on the grounds that the issues in his case are complex and that his imprisonment will greatly limit his ability to litigate.

The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

Plaintiff has not shown that exceptional circumstances exist in this case. Therefore, his motion is denied.

### B

Plaintiff moves for the production of his medical file, the time cards of the staff on duty during the incident at issue and

5

the rules, regulations and policies of the San Bruno Jail pertaining to medical emergencies.

This motion is denied because it is premature. No party has yet been served as a Defendant in this action; therefore, at this time, no Defendant can respond to this discovery request. As discussed below, after service of this complaint, the parties will engage in discovery under the Federal Rules of Civil Procedure and Plaintiff may receive these documents during the ordinary course of discovery.

IV

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motions for appointment of counsel and for discovery are denied. Doc. ## 12, 13.

2. Plaintiff's claims against the City and County of San Francisco, the Department of Public Health, Health Right 360 and San Francisco Mayor Ed Lee are dismissed. These claims are dismissed without leave to amend as Plaintiff has already been provided an opportunity to amend and it is clear that no amount of amendment will cure the deficiencies the Court has identified.

3. Plaintiff has stated a cognizable Eighth Amendment claim against the San Francisco Sheriff's Department and Dr. Goldstein based on their failure to adequately train San Francisco Jail deputies and medical staff.

4. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter and all attachments thereto and copies of this order on the San Francisco Sheriff's Department and

6

Dr. Goldstein, Chief Medical Doctor at the San Francisco County Jail.  The Clerk shall also serve a copy of this order on Plaintiff and mail a courtesy copy of this Order and the amended complaint to the San Francisco City Attorney's Office.

      5. To expedite the resolution of this case, the Court orders as follows:

      a. No later than sixty-three (63) days from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  Defendants' motion shall include the required Ninth Circuit notice to Plaintiff for opposing dispositive motions required by Rand v. Rowland, 154 F.3d 952, 962–63 (9th Cir. 1998)(motion for summary judgment) and Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (motion to dismiss).  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

      b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served upon Defendants no later than thirty-five (35) days after Defendants serve Plaintiff with the motion.

      c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will,

7

if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962–63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendants in their motion to dismiss. Wyatt, 315 F.3d at 1120 n.14.

        d. Defendants shall file a reply brief within fourteen (14) days of the date on which Plaintiff serves them with

8

the opposition.

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

 6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

 7. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

 8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

 9. This Order terminates docket nos. 12 and 13.

 IT IS SO ORDERED.

DATED *10/04/2013*

          **THELTON E. HENDERSON**
          United States District Judge

G:\PRO-SE\TEH\CR.13\Taggart v. CCSF 13-3439 Ord of Serv.wpd

**9**